■ DURAMARK, INC., Respondent, v. EVAN B. STENHOLM, Appellant.— In an action to restrain defendant from making use of trade secrets learned while he was plaintiff's employee and for an accounting for profits earned by defendant through the use of such knowledge, defendant appeals from a judgment of the Supreme Court, Nassau County, entered January 21, 1971 after a non-jury trial, which granted the injunction and accounting. Judgment affirmed, with costs, on the opinion at Special Term. Shapiro, J. (dissenting). I cannot find from the proof in this case any substantially new process or discovery warranting a holding that what the defendant is doing amounts to appropriating a "secret" process belonging to the plaintiff. There was nothing basically new or novel about the products or processes or machines used by the plaintiff; and the "state of the art" in the industry was such that the machines were not capable of being patented (U. S. Code, tit. 35, § 103). The evidence clearly indicates that many firms, besides the plaintiff, produced products similar to the plaintiff's by the use of similar machines and processes. Directly applicable to the facts in this case is what the court said in *Hamilton Mfg. Co.* v. *Tubbs Mfg. Co.* (216 F. 401, 407): "In Cincinnati Bell Foundry Co. v. Dodds, 19 Wkly. Law Bul. (Ohio) 84, Judge TAFT said: 'The property in a secret process is the power to make use of it to the exclusion of the world. If the world knows the process, then the property disappears. There can be no property in a process, and no right of protection, if knowledge of it is common to the world. It would be a violation of every right of an employe of a manufacturer to prevent the former from using, in a business of his own, knowledge which he acquired in the employ of the latter when he might have acquired such knowledge in the employ of other manufacturers. Indeed, a contract not to do so would probably fail of

enforcement because in restraint of trade.' To grant to the complainant the exclusive use of a form of machine in common use, like, for instance, the disc joiner, the center boring machine, or any machine used for cutting or smoothing by means of gluing sandpaper to a metallic surface, would foster monopoly and exclude others from the use of well-known and much-used prior devices. To entitle it to protection against the use of its machines and methods of manufacture by others, it must appear that they are in fact secret, for, as said in Hopkins on Trade-Marks, 226: 'In every case where the plaintiff seeks protection for a trade secret, it must appear that it really is a secret. If a so-called secret process is lawfully known to others in the trade, no one will be enjoined from disclosing or using it.'" The holding of the majority in this case is tantamount to saying that an employee who quits his job is forever thereafter foreclosed from using knowledge acquired by him in his former employer's business because that would amount to a betrayal of confidence, even though that knowledge deals with facts known to all others in the same trade, but, as the court cogently pointed out in *Kaumagraph Co.* v. *Stampagraph Co.* (235 N. Y. 1, 8), "there is no betrayal of confidence when no secret is imparted." (See, also, the decision of this court in *Park Electrochemical Corp.* v. *Kend*, 36 A D 2d 723.) I therefore vote to reverse the judgment and to dismiss the complaint. Hopkins, Acting P. J., Martuscello and Gulotta, JJ., concur in decision. Shapiro, J., dissents and votes to reverse the judgment and to dismiss the complaint, with an opinion, in which Benjamin, J., concurs. Judgment affirmed, with costs, on the opinion at Special Term.